**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JEROME CARITHERS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO. _____ |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| PHP ENTERPRISES, INC., and | ) | |
| PRAKASH PATEL, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

_____

## COMPLAINT

COMES NOW, Plaintiff Jerome Carithers ("Mr. Carithers" or "Plaintiff"), by and through undersigned counsel, and files this lawsuit against Defendants PHP Enterprises, Inc. ("PHP Enterprises") and Prakash Patel ("Patel"; PHP Enterprises and Patel collectively referred to as "Defendants"), and for his Complaint shows the following:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.  This action seeks declaratory

relief, along with liquidated and actual damages, attorney's fees and costs for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA"); lost wages, the loss of accumulated fringe benefits of employment, loss of retirement income, tarnishment of his reputation, great uncertainty regarding his future, emotional distress, humiliation, and embarrassment, and attorneys' fees and all other costs of litigation pursuant to 29 U.S.C. § 216(b), for retaliation under the FLSA; damages for common law breach of contract; and reasonable attorneys fees' and costs under O.C.G.A. § 13-6-11.

## JURISDICTION AND VENUE

### 2.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

### 3.

Defendant PHP Enterprises is a Georgia corporation and resides in this district. Defendant PHP Enterprises does business in and is engaged in commerce in the State of Georgia. Defendant Patel resides in this district. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendants reside in this

district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## THE PARTIES

4.

Plaintiff is a citizen of the State of Georgia and a resident of DeKalb County, Georgia. He submits himself to the jurisdiction of this Court.

5.

Defendant PHP Enterprises is a corporation incorporated under the laws of the State of Georgia and transacts business in the Northern District of Georgia. Defendant PHP Enterprises may be served with process by delivering a copy of the Complaint and summons to its registered agent, Mark J. Brittain, at 245 Country Club Drive, Suite 200C, Stockbridge, Georgia, 30281.

6.

Defendant Patel is the Chief Executive Officer of PHP Enterprises. He has owned and operated at least three (3) hotels in the metro Atlanta, Georgia area over the past several years, including a Super 8 Motel located at 1451 Hudson Bridge Road, Stockbridge, Georgia 30281, a Holiday Inn at 2158 Ranchwood Drive, Atlanta, Georgia 30345, and the Comfort Inn at which Plaintiff worked, which is located at 5793 Roswell Road, N.E., Atlanta, Georgia 30328.

7.

Plaintiff was an "employee" of Defendants, as that term has been defined by the FLSA, 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 203(e).

8.

Defendant PHP Enterprises is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

9.

Defendant Patel is a private employer engaged in interstate commerce, and his gross revenues exceed $500,000 per year.

10.

Defendant PHP Enterprises is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

11.

Defendant Patel is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

12.

Defendant PHP Enterprises is governed by and subject to the FLSA, 29 U.S.C. §§ 206 and 207.

13.

Defendant Patel is governed by and subject to the FLSA, 29 U.S.C. §§ 206 and 207.

14.

Defendants failed to keep accurate time records for all hours worked by Plaintiff.

15.

Defendant Patel is involved in the day-to-day operations and has substantial operational control over PHP Enterprises, including, without limitation, the policies governing Plaintiff.

16.

Defendant Patel exerts substantial control over PHP Enterprises compliance with the Fair Labor Standards Act.

17.

Defendant Patel has the power to hire and fire employees, including, without limitation, Plaintiff.

18.

Defendant Patel controls employee work schedules or conditions of employment including, without limitation, Plaintiff.

19.

Defendant Patel determines the rate and method of payment for employees including, without limitation, Plaintiff.

20.

At all times relevant to this action, Defendant Patel oversaw and had responsibility for maintaining employment records including, without limitation, employment records of Plaintiff.

21.

Defendants, individually and collectively, are engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

22.

Defendants, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA.

23.

At all relevant times, individually and collectively, Defendants have been and remain, "employers" within the meaning of §3(d) of the FLSA, 29 U.S.C. § 203(d), in that they acted ". . . directly or indirectly in the interest of an employer in relation to an employee . . ."

24.

As employers engaged in commerce, Defendants are subject to the requirements of the FLSA.

25.

From May 2014 through March 2, 2015 (Plaintiff's "Termination Date"), Plaintiff was employed by Defendants at Defendants' Comfort Inn hotel located at 5793 Roswell Road, N.E., Atlanta, Georgia 30328 (the "Hotel"), first as a front desk worker and then as the Hotel's Operations Manager.

26.

Throughout his employment, Defendants treated Plaintiff as non-exempt from the overtime requirements of the FLSA.

27.

During the first few weeks of his employment with Defendants, Plaintiff served as a front desk worker and was paid on an hourly basis at a regular rate of up approximately $10.00 per hour.

28.

When Plaintiff worked in excess of forty (40) hours in workweeks during the period in which he was a front desk employee, Plaintiff received his regular

hourly rate or less, in cash, with taxes withheld by Defendants but not paid to the federal government, for each overtime hour worked.

29.

Following his service as a front desk employee after only a few weeks, and for the remainder of his employment with Defendants (from June 2014 through March 2, 2015), Plaintiff served as the Operations Manager for the Hotel.

30.

As the Operations Manager of the Hotel, Defendants agreed to pay Plaintiff a salary of $400 per week for his first forty (40) hours of work via a paycheck with taxes withheld (the "Pay Agreement").

31.

Plaintiff's $400 salary was intended to compensate Plaintiff for forty (40) hours of work in a workweek.

32.

When Plaintiff worked in excess of forty (40) hours while serving as the Operations Manager, Plaintiff was never paid any overtime compensation above and beyond his $400 salary.

33.

Throughout Plaintiff's employment, he regularly worked more than forty (40) hours per week and was not paid overtime compensation at one and one half times his regular rate for hours he worked in excess of forty (40) hours in such workweeks.

34.

In fact, Plaintiff routinely worked between 65 and 75 hours per week, but he was never paid overtime compensation at one and one half times his regular rate for any of the hours he worked in excess of forty (40) hours in such workweeks.

35.

On several occasions, when Plaintiff took authorized time away from work, Defendants would dock his pay and pay him less than the $400/week salary he was due under his Pay Agreement, even though Defendants considered him a salaried, exempt employee.

36.

Plaintiff was never paid at least $455 in any given week when was employed by Defendants.

37.

Throughout Plaintiff's employment with Defendants, Defendants maintained a policy of not paying correct overtime compensation to any of its hourly employees at the location where Plaintiff worked, including front desk, housekeeping, and breakfast room workers.  In particular, rather than pay its hourly workers time and a half for overtime hours, Defendants either paid its hourly employees (i) no overtime for overtime hours worked or (ii) straight time, or less, for overtime hours worked, in cash.

38.

At all relevant times, Defendants failed to maintain accurate time records of all hours worked by Plaintiff.

39.

Defendants did not require Plaintiff to record all hours worked on his timecard, as Defendants intentionally misclassified Plaintiff as a salaried, exempt employee and were not concerned with the number of hours Plaintiff worked in any given week.

40.

In addition, when Defendants requested that Plaintiff record his hours worked on his timecard, Defendants' timeclock did not always function properly.

41.

At all times relevant, Defendants purposely or recklessly misclassified Plaintiff as exempt in order to avoid paying him overtime compensation as required by the FLSA.

42.

Throughout Plaintiff's employment with Defendants, Defendants suffered or permitted Plaintiff to work in excess of forty (40) hours in given workweeks without receiving overtime compensation.

43.

Plaintiff is entitled to overtime pay for the hours he worked over forty (40) hours in given workweeks throughout his employment.  Defendants' practices violate the provisions of the FLSA, including but not limited to 29 U.S.C. § 207. As a result of Defendants' unlawful practices, Plaintiff has suffered lost wages.

44.

During Plaintiff's employment with Defendant, Plaintiff complained to Ms. Nawal Nahra, the General Manager of the Hotel, on at least four (4) or five (5) occasions that he was not paid for all of his hours worked.

45.

In response to Plaintiff's complaints that he was not paid for all of his hours

worked, Ms. Nahra would generally tell Plaintiff to take it up with "corporate"; however, there was no "corporate."

46.

In addition, in response to Plaintiff's complaints that he was not paid for all of his hours worked, Defendants placed false/trumped up disciplinary and performance warnings in Plaintiff's personnel file.

47.

The last time that Plaintiff complained to Defendant about not getting paid for all of his hours worked (not counting the day he came to pick up his paycheck following his Termination Date) was approximately one (1) month prior to his Termination Date.

48.

In retaliation for this last complaint, Defendants not only placed false/trumped up disciplinary and performance warnings in Plaintiff's personnel file, but Defendants terminated Plaintiff.

49.

To attempt to justify terminating Plaintiff, Defendants falsely claimed that Plaintiff had abandoned his job when he was out of work for a few days toward the end of February 2015, even though he had been in continuous communication

with Ms. Nahra throughout his absence.

50.

As a result of Defendants' unlawful termination of Plaintiff, Plaintiff has sustained great injury, including lost wages, the loss of accumulated fringe benefits of employment, loss of retirement income, diminished future earning capacity, tarnishment of his reputation, emotional distress, humiliation, and embarrassment.

## COUNT I
## FAILURE TO PAY OVERTIME IN VIOLATION OF FLSA

51.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

52.

At all times relevant, Defendants violated the FLSA, including but not limited to, 29 U.S.C. § 207, failing to pay overtime wages to Plaintiff for the hours that Plaintiff worked in excess of forty (40) hours in given workweeks.

53.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours

in a workweek.

54.

At all times relevant, Defendants suffered or permitted Plaintiff to consistently work over the maximum number of hours allowed under 29 U.S.C. § 207 without paying overtime compensation to Plaintiff.

55.

Defendants' actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

56.

Defendants knew, or showed reckless disregard for the fact that Defendants failed to pay Plaintiff overtime compensation in violation of the FLSA.

57.

Defendants failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus have failed to make, keep and preserve records with respect to Plaintiff sufficient to determine his wages, hours and other conditions and practices of employment, in violation of the FLSA.

58.

At all times relevant, Defendants purposely or recklessly misclassified Plaintiff as exempt in order to avoid paying Plaintiff the overtime wage differential required by the FLSA.

59.

Defendants' violations of the FLSA were willful and in bad faith.

60.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## COUNT II
## RETALIATION IN VIOLATION OF FLSA, 29 U.S.C. § 215(a)(3)

61.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

62.

On several occasions throughout his employment for Defendants, including only one (1) month prior to being terminated by Defendants, Plaintiff complained to his supervisor that he was not being paid for all of his hours worked.

63.

In retaliation for Plaintiff's complaints regarding Defendants' pay practices, Defendants created false/trumped up disciplinary and performance warnings and placed them in Plaintiff's personnel file, terminated Plaintiff from his job at the Hotel, and engaged in other retaliatory conduct.

64.

Defendants' retaliatory actions against Plaintiff in response to his complaints about Defendants' pay practices constitute adverse actions under 29 U.S.C. § 215(a)(3).

65.

Defendants' adverse actions caused great damage to Plaintiff.

66.

Because reinstatement to his position as Operations Manager is not practicable, Plaintiff is entitled to front pay in lieu of reinstatement.

67.

Plaintiff is entitled to recover damages for lost wages, the loss of accumulated fringe benefits of employment, loss of retirement income, tarnishment of his reputation, great uncertainty regarding his future, emotional distress, humiliation, and embarrassment, pursuant to 29 U.S.C. § 216(b).

68.

Plaintiff is entitled to recovery of his attorneys' fees and all other costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT III
## BREACH OF CONTRACT

69.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

70.

Plaintiff was a salaried employee earning a salary of $400/week pursuant to his Pay Agreement with Defendants.

71.

Plaintiff complied fully with all of his obligations under his Pay Agreement, and all conditions precedent to Defendants' obligation to pay Plaintiff have been

met.

### 72.

Defendants have breached their obligations under the Pay Agreement by failing to uniformly make all weekly $400 payments due and owing to Plaintiff.

### 73.

Defendants' breach was without legal justification or excuse.

### 74.

As a direct and proximate result of said breach, Plaintiff has suffered damages in an amount to be proven at trial.

### <u>COUNT IV</u>
### <u>ATTORNEYS' FEES PURSUANT TO O.C.G.A. § 13-6-11</u>

### 75.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

### 76.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense.

### 77.

As a direct and proximate result of Defendants' conduct, Plaintiff is entitled

to recover from Defendants his expenses of litigation, including reasonable attorneys' fees and costs, pursuant to O.C.G.A. § 13-6-11.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief from this Court:

(a)    that Plaintiff be granted a trial by jury as to all triable issues of fact;

(b)    that Plaintiff be granted judgment against Defendants and awarded unpaid wages pursuant to the FLSA, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA;

(c)    that Plaintiff be granted compensation including three years of front pay, any fringe benefits, and any loss of retirement income;

(d)    that Plaintiff has and recovers from Defendants back pay and benefits, with prejudgment interest thereon;

(e)    that Plaintiff has and recovers compensatory damages in an amount to be determined by a jury;

(f)    that Plaintiff be granted declaratory judgment declaring that Plaintiff's

rights have been violated;

(g)    that Plaintiff be awarded his costs in this action and reasonable attorneys' fee as provided by law; and

(h)    that Plaintiff be awarded any and other such further relief that this Court or the Finder of Fact deems equitable and just.

Respectfully submitted this 24th day of June, 2016.

**BARTON BLACK LAW, LLC**

/s/ *D. Barton Black*
D. Barton Black
Georgia Bar No. 119977
bblack@bartonblacklaw.com

*Attorney for Plaintiff Jerome Carithers*

Five Concourse Parkway
Suite 3200
Atlanta, Georgia 30328
Telephone: (404) 760-6014
Facsimile: (678) 606-9305

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as required by the Court in Local Rule 5.l (B).

Respectfully submitted this 24th day of June, 2016.

**BARTON BLACK LAW, LLC**

/s/ *D. Barton Black*
D. Barton Black
Georgia Bar No. 119977
bblack@bartonblacklaw.com

*Attorney for Plaintiff Jerome Carithers*

Five Concourse Parkway
Suite 3200
Atlanta, Georgia 30328
Telephone: (404) 760-6014
Facsimile: (678) 606-9305